UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL A. NOLTE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-183

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 14), the Commissioner's memorandum in opposition (doc. 16), Plaintiff's reply (doc. 17), the administrative record (doc. 7),[2] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff originally filed for DIB and SSI alleging a disability onset date of December 31, 2009. PageID 1234. Plaintiff claims disability as a result of a number of alleged impairments including, *inter*

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

*alia*, degenerative disc disease of the lumbar and cervical spine, kidney disease, and a gastrointestinal disorder. PageID 1239.

After an initial denial of his application, Plaintiff received a hearing before ALJ Amelia G. Lombardo on December 3, 2013. PageID 82-109. ALJ Lombardo issued a written decision on January 10, 2014 finding Plaintiff not disabled. PageID 52-73. Plaintiff appealed, and this Court vacated the non-disability finding on August 16, 2016. PageID 1320-22. While Plaintiff's appeal was pending, he filed a new claim for SSI. PageID 1235. The Appeals Council ordered the ALJ to consider this new application on remand as well. *Id.*

Plaintiff received a second hearing, before ALJ Deborah F. Sanders, on June 27, 2017. PageID 1652-83. ALJ Sanders issued a written opinion on September 6, 2017, finding Plaintiff not disabled under his original or more recent claim for benefits. PageID 1234-61. Specifically, ALJ Sanders found at Step Five that, from December 31, 2009 through March 31, 2012 (Plaintiff's last insured date), Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work.[3] PageID1242. From April 1, 2012 through September 6, 2017, the ALJ determined that, due to a change in his medical conditions, Plaintiff had the RFC to perform a more restricted, but unspecified category of work that fell between light and sedentary.[4] PageID 1250. Based upon both of Plaintiff's RFCs, the ALJ concluded that "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 64-70.

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

[4] The ALJ noted that while "the evaluation for Plaintiff's entitlement to SSI benefits began January 1, 2012, Plaintiff's condition through March 31, 2012 was already evaluated." PageID 1249. The ALJ also noted that there was no "significant change in [Plaintiff's] phyiscal or mental condition until, at least, April 1, 2012." *Id.*

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Sanders' non-disability finding the final administrative decision of the Commissioner. PageID 1226-29. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This September 6, 2017 non-disability finding by ALJ Sanders (hereinafter "ALJ") is now before the Court for review.

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 1234-61), Plaintiff's Statement of Errors (doc. 14), the Commissioner's memorandum in opposition (doc. 16), and Plaintiff's reply (doc. 17). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers*

*v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

> B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;
2. Does the claimant suffer from one or more severe impairments?;
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;
4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and
5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

# III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in weighing the opinion of his treating physician. Doc. 14 at PageID 1692. As discussed more fully herein, the undersigned agrees with Plaintiff's alleged error.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, Plaintiff's family physician, Pamela Coffey, M.D., wrote two opinions regarding Plaintiff's functional abilities. First, in January 2012, after a month of treatment, Dr. Coffey opined that Plaintiff could walk and stand for four hours total; could sit for four hours total; and could lift and carry 25-50 pounds. PageID 1520. At this time, Dr. Coffey additionally opined that Plaintiff was moderately limited in bending and reaching. *Id.* In May, 2013, after fourteen treatment sessions spanning a year and four months, Dr. Coffey authored an opinion setting more restrictive limitations on Plaintiff's functional abilities. PageID 1065-69. Specifically, she determined that Plaintiff could now stand and walk for just half an hour at a time and three hours total; could sit for half an hour at a time and three hours total; could lift and carry only 10 pounds occasionally; could never stoop, crouch, kneel, or crawl; and was capable of sedentary work only. *Id.* Ultimately, Dr. Coffey found that, due to his impairments, Plaintiff would be absent from work three days per month. PageID 1069.

While not entirely clear, it appears that the ALJ did not grant Dr. Coffey's 2012 opinion "any deference" but found the 2013 opinion entitled to "some weight." PageID 1256. Regardless, the undersigned finds multiple reversible errors in the ALJ's assessment of Dr. Coffey's opinions.

The ALJ discounted Dr. Coffey's 2013 opinion because "she did not provide any accompanying objective medical evidence or clinical findings to support" her limitations. PageID 1256. The undersigned is perplexed by the ALJ's assessment for two reasons. First, Dr. Coffey repeatedly cited Plaintiff's September 2012 MRI as support for her opinion. PageID 1065-69. This MRI demonstrates "L5-S1 spondylosis, with left osseous neural foraminal narrowing impinging on the exiting left l5 nerve root"; "L4-L5 desiccation, bulging, and posterior annular tear"; and "additional degenerative changes." PageID 928-29. Thus, contrary to the ALJ's conclusion, Dr. Coffey did provide "accompanying objective medical evidence to support her limitations." PageID 1256. To the extent that the ALJ unilaterally determined that this raw medical data could not support Dr. Coffey's opinion, the ALJ impermissibly supplanted the role of the treating physician. *See Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings"); *Isaacs v. Comm'r of Soc. Sec.*, No. 1:08-cv-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that "[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms").

Second, this Court, in vacating the first non-disability finding, specifically highlighted the September 2012 MRI as evidence that lends support to Dr. Coffey's opinion. PageID 1312-13. Conspicuously absent from the ALJ's opinion is a single mention of this crucial piece of evidence. The ALJ's analysis of Dr. Coffey's opinion, in this regard, represents additional error because it lies in blatant disregard of the orders from this Court. *See Kaddo v. Comm'r of Soc. Sec.*, 238 F. Supp. 3d 939, 944 (E.D. Mich. 2017) ("[T]he failure by an ALJ to follow a remand order… can constitute a reversible error in federal court. This holds true regardless of whether substantial evidence otherwise supports the Commissioner's final decision").

Finally, in discrediting Dr. Coffey's 2013 opinion, the ALJ found that there was a lack of support in the record for the escalation of her restrictions. PageID 1256. Yet, a close reading of the

medical records reveals that on July 9, 2012, Plaintiff complained of increased sciatica pain in his back. PageID 1008. The accompanying physical exam included a positive straight leg test. *Id.* At that time, surgery was recommended, but Plaintiff instead opted for pain management "to delay surgery." PageID 1005. From that date forward, Dr. Coffey consistently documented positive straight leg tests, tender to palpation in the lower back, and radiating pain to the right leg. PageID 1002, 1003, 1006.[6] Dr. Coffey's increased limitations on Plaintiff's ability to lift and carry can also be traced in her treatment records. While there were no complaints about shoulder pain in his first visits with Dr. Coffey, by July 2012, Plaintiff began exhibiting decreased range of motion in his shoulder and complaining of shoulder pain. PageID 1009. Dr. Coffey addressed Plaintiff's expressed shoulder pain with regular steroid injections. PageID 1007-09. The ALJ's failure to consider this evidence represents reversible error, as well. *Hawthorne v. Comm'r of Soc. Sec.*, No. 3:13–cv–179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing Loza v. Apfel, 219 F.3d 378, 393 (5th Cir.2000)) (An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position)".

Thus, the ALJ failed to establish "good reasons" for discounting the opinions of Plaintiff's treating physician. *Mitchell v. Comm'r of Soc. Sec.*, 330 Fed. Appx. 563, 569 (6th Cir. 2009).

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990).

---

[6] The undersigned also notes that Plaintiff's treatment records from his chiropractor also lend support to Dr. Coffey's opinion. *See e.g.,* PageID 1023-25 (Plaintiff exhibited "left posterior displacement of the 12th thoracic segment… segment L5 found to be in a right posterior malaligned position…severe amount of hypertonic contraction in the gluteal muscles… very strong degree of pain and discomfort").

The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming and, therefore, the undersigned concludes that a remand for further proceedings -- as specifically set forth above -- is proper.

**V.**

**IT IS THEREFORE ORDERED THAT:** (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **CLOSED**.

**IT IS SO ORDERED.**

Date: 7/26/2019                   s/ Michael J. Newman
                                                                   Michael J. Newman
                                                                   United States Magistrate Judge